CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES BRANDON PARKS,** ) | |
| Petitioner, ) | Case No. 7:24-cv-00562 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **COMMONWEALTH OF VIRGINIA,** ) | **Senior United States District Judge** |
| Respondent. ) | |

## MEMORANDUM OPINION

Charles Brandon Parks, proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Parks challenges his 2005 conviction in Smyth County Circuit Court for possession of marijuana by an inmate. Parks also challenges his 2002 convictions for unidentified "misdemeanors." Pet. 5, ECF No. 1. Because there is no indication that Parks was in custody for the challenged convictions at the time the petition was filed, the petition will be dismissed without prejudice.

Section 2254 provides that a federal court shall entertain a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed.'" Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012) (emphasis in original; additional internal quotation marks omitted) (quoting Maleng v. Cook, 490 U.S. 488, 490–91 (1989)). Although "the Court has held that 'in custody' does not refer just to physical confinement," id. (citing Jones v.

Cunningham, 371 U.S. 236 (1963)), it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully expired</u> at the time his petition is filed," Maleng, 490 U.S. at 491. In Maleng, the Supreme Court explained that the mere fact that "a petitioner is subject to the 'collateral consequences' of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense," does not render him "in custody" under the prior conviction. Wilson, 689 F.3d at 336 (quoting Maleng, 490 U.S. at 492). The Court observed that "a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute . . . ." Maleng, 490 U.S. at 492.

In the pending petition, Parks seeks to have the challenged convictions expunged from his criminal record. Pet. 15. However, he does not allege that he is "in custody" for the challenged convictions. State courts available online indicate that Parks received a two-year suspended sentence for the 2005 felony marijuana conviction, along with a three-year term of supervised probation. See Commonwealth v. Parks, No. CR04064257-00 (Smyth Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last visited Oct. 3, 2024). Additionally, the return address provided by Parks appears to be a residential address in Smyth County. Because there is no indication that Parks was "in custody" for the challenged felony or misdemeanor convictions "at the time his petition [was] filed," the court is unable to conclude that it has jurisdiction to entertain the petition. Wilson, 689 F.3d at 336.

For these reasons, Parks's petition is **DISMISSED WITHOUT PREJUDICE** to refiling. An appropriate order will be entered.

Entered: October 7, 2024

Mike Urbanski
Senior U.S.District Judge
2024.10.07 13:24:32
-04'00'

Michael F. Urbanski
Senior United States District Judge

3